IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN KING,
          Plaintiff,

v.                                                    Civil Action No. 3:17-cv-742-JAG

KIMBERLY DARDEN *et al.*,
          Defendants.

## OPINION

This case arises from a charge of trespassing at a dump in North Carolina. In 2014, the owner of the dump charged plaintiff Stephen King with trespassing at the dump, which apparently specialized in disposal of stumps. King wanted some deputy sheriffs from Greensville County, Virginia, to testify in his behalf, but Greensville Commonwealth's Attorney Patricia Watson allegedly told King the deputies could not attend his North Carolina trial because they were tied up in court. King later found out the witnesses were actually available. He then filed a bar complaint against Watson for lying to him. Even without the witnesses, he won the trespass case.

In 2015, with his stump dump charge behind him, King set off on a political career. Given his success in the trespass case, he decided to run for sheriff of Greensville County. Commonwealth's Attorney Watson's cousin, Steve Allen, complained to Watson that King had committed election fraud by lying about having lived in Virginia for one year. Watson passed the complaint along to the Virginia State Police. Special Agent Kimberly Darden conducted an investigation and found little evidence of wrongdoing, but obtained a warrant anyway. King lost the election, but stood trial before a jury which acquitted him of election fraud.

The now twice-acquitted King then filed this suit against Allen, Watson, and Darden because of their dastardly conspiracy against him. In his complaint, he asserts four counts: (I) claims under § 1983 for malicious prosecution and false arrest in violation of the Fourth Amendment; (II) a state law false imprisonment claim; (III) a state law malicious prosecution claim; and (IV) a state law business conspiracy claim. The defendants have moved to dismiss all counts.

As to the § 1983 claims in Count I, the Court grants Allen's motion to dismiss because he did not act under color of law. The Court denies Watson and Darden's motions as to the Count I § 1983 malicious prosecution claim; King alleges that Watson and Darden teamed up to prosecute King on the election charge knowing that they had no evidence to support the charge. The Court grants their motions to dismiss the § 1983 false arrest claim because King fails to allege that the police did not arrest him pursuant to a facially valid warrant. The Court will grant King leave to amend if he can somehow come up with facts showing the facial invalidity of the arrest warrant.

The Court grants the defendants' motions to dismiss the state law false imprisonment claim in Count II, again because King fails to allege that officers did not arrest him pursuant to a valid warrant, but grants King leave to amend as to his claim against Watson and Darden.

The Court denies Watson and Darden's motions to dismiss Count III's state law malicious prosecution claim, because, again, King seems to have alleged that they teamed up to charge him wrongfully. Count III does not, however, state a claim against Allen.

Finally, the Court grants the motions to dismiss the state law business conspiracy claim in Count IV because he fails to allege that the defendants hurt him in any business capacity.

## I. FACTS ALLEGED IN COMPLAINT

As discussed above, in late 2014, King filed a bar complaint against Commonwealth's Attorney Watson after the two clashed over witness availability issues. In 2015, King filed to run for Greensville County Sheriff. Watson's cousin Allen told Watson orally that King had not lived in Greensville for the full year prior to the scheduled election, as required by Virginia law, and therefore must have committed election fraud on his election filing form. Watson then sent a letter to the Virginia State Police ("VSP") requesting that they investigate the complaint.

After receiving the letter, the VSP assigned Special Agent Kimberly Darden to the investigation. Darden then contacted King, who insisted that he had resided with his father in Greensville County since October 2014. Darden also spoke with King's father, but the complaint does not provide the details of that conversation. Darden spoke to Allen, the original complainant, who said he had no information other than that he was unsure whether King lived in North Carolina or Virginia. Darden also spoke with Greensville County Registrar Dorothy Kea, who merely confirmed to Darden that to be eligible to run, King must have resided in Greensville for one year prior to Election Day. According to the complaint, this was the full extent of Darden's investigation. On these scant facts, Darden swore out a warrant for King's arrest, and officers arrested King shortly thereafter.

Commonwealth's Attorney Watson had little to do with the case after asking the State Police to investigate the possible election fraud. She only requested the Virginia Circuit Court appoint a special prosecutor from a different jurisdiction to handle King's case.

With the election fraud charge hanging over his head, King lost the election. Three days later, however, a jury found King not guilty of election fraud.

## II. DISCUSSION

The defendants have moved the Court to dismiss the case on various grounds, which the Court discusses below.[1]

### A. *42 U.S.C. § 1983 Claims: Under Color of State Law*

In Count I, King sues all three defendants under 42 U.S.C. § 1983 for violating his "Fourth Amendment right to be free from illegal seizure of his person." (Complaint, Dk. No. 1. ¶ 52.) To state a claim under § 1983, King must establish that the defendants acted under the color of state law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

As a Commonwealth's Attorney and a state police officer investigating a potential crime, Watson and Darden both acted under color of law. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) ("Section 1983 therefore includes within its scope apparently private actions which have a 'sufficiently close nexus' with the State to be 'fairly treated as that of the State itself.'") (citation omitted).

In contrast, Allen does not work for state or local government. A private person can, however, act under color of law in a few circumstances; as relevant here, a private person can

---

[1] Most cases have two sides, and at this stage, the Court accepts the plaintiff's allegations in the complaint as true. A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

fall under § 1983 by conspiring with government officials. *Adickes v. S. H. Kress & Company*, 398 U.S. 144, 152 (1970). To allege such a conspiracy, a plaintiff "must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in plaintiff's deprivation of a constitutional right." *Cooper v. Lippa*, 3:11-cv-712 (JRS) WL 1410077 at *6 (E.D. Va. Apr. 23, 2012) (citing *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996)). The plaintiff must plead facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421. If a plaintiff alleges the existence of a conspiracy only through speculation and inference, the claim should be dismissed. *Id* at 423. The complaint alleges only that Allen called his cousin Watson with suspicions about King's residence; when quizzed by Darden, Allen told him that he only suspected a violation. This does not amount to a conspiracy; a citizen can report suspicions to law enforcement officials without becoming conspirators with those officials. The Court cannot infer a conspiracy based on the plaintiff's vague allegations.[2]

The Court therefore grants the motion to dismiss the § 1983 claims against Allen in Count I because he did not act under color of state law.

---

[2] A private party can act under color of law in other circumstances:
> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993). The complaint does not allege any of these circumstances.

### B. *Count I: False Arrest under § 1983 and Count II: State Law False Imprisonment*

Almost identical principles govern claims for false arrest under the Fourth Amendment and for false imprisonment under Virginia law, so the Court will discuss them together. Essentially, a facially valid warrant forecloses a false arrest or false imprisonment.

In § 1983 cases, a public official who makes an arrest pursuant to a "facially valid warrant" cannot be liable. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). Under Virginia law in Count II, false imprisonment is "the direct restraint by one person of the physical liberty of another without adequate legal justification." *W.T. Grant Co. v. Owens*, 149 Va. 906, 921, 141 S.E. 860, 865 (1928). A defendant need not directly restrain or "personally arrest" a plaintiff if the defendant requested that others do so. *Montanile v. Botticelli*, 1:08-cv-716 (JCC) 2008 WL 5101775 at *4 (E.D. Va. Nov. 25, 2008). In cases against both public and private parties, a plaintiff must affirmatively "allege that the arrest was made without a lawful warrant or other form of lawful process – that is, a warrant regular and legal in form or regular on its face." *Id.* at *5 (citations omitted). A warrant that is "regular on its face – even one procured *without probable cause* – does not create a cause of action for false imprisonment." *Id.* at *4 (emphasis added) (citing *Cole v. Eckerd Corp.*, 54 Va. Cir. 269, WL 33595085 at *2 (Va. Cir. Ct. 2000)). That an officer could have investigated further does not invalidate an arrest pursuant to a facially valid warrant. *Lewis v. Kei*, 281 Va. 715, 724, 708 S.E.2d 884, 890 (2011).

As to Watson and Darden, King does not challenge that officers arrested him with a warrant. King attaches the warrant to the complaint and does not challenge its facial validity. King, therefore, fails to adequately plead a state law claim for false imprisonment. The Court has scrutinized the warrant and cannot find any errors. Nevertheless, the Court will grant King leave to file an amended complaint showing the warrant's facial invalidity.

6

Further, as to Allen, the complaint does not say that he had anything to do with the arrest other than telling the prosecutor about his suspicions. His conduct does not amount to a tort. The Court dismisses the state law false imprisonment count against Allen.

### C. Count I: Malicious Prosecution under § 1983

To state a malicious prosecution claim under § 1983, a plaintiff must allege "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Watson and Darden challenge the first two elements.

The first element of a § 1983 malicious prosecution claim requires that both Watson and Darden "caused" the unlawful seizure of King. *Evans*, 703 F.3d at 647 ("Constitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation."). The intervening acts of a decision maker, like a magistrate or a judge, can act as a superseding cause that breaks the causal chain and shields an investigating officer from liability. *Id.* Police officers remain liable, however, if they lie to, mislead, or unduly pressure a magistrate. *Id.* at 648. Similar rules apply to prosecutors. *Daniczek v. Spencer*, 156 F.Supp.3d 739, 751 (E.D. Va. 2016) ("A reasonable prosecutor must know that, like a police officer, the prosecutor cannot make deliberately or recklessly false statements."). In this case, a magistrate issued a valid warrant, which would generally break the causal chain between Watson and Darden's actions and King's unlawful seizure. King, however, adequately alleges that Watson misled Darden into believing that Allen's complaint had merit. King also plausibly alleges that Darden somehow misled the magistrate because, as alleged, she received a warrant despite the utter lack of evidence to support a probable cause finding. At the motion to dismiss stage, this satisfies the causation requirement.

The second element of a § 1983 malicious prosecution claim requires that the defendant seize the plaintiff pursuant to a legal process unsupported by probable cause. *Evans*, 703 F.3d at 647. In this context, probable cause arises "when the facts and circumstances known to the officer 'would warrant the belief of a prudent person that the arrestee had committed or was committing an offense.'" *Taylor v. Waters*, 81 F.3d 429, 434 (4th Cir. 1996) (quoting *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988)). "[Probable cause] is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (internal quotation marks omitted). Based on the facts alleged, the defendants lacked probable cause at the time of the arrest. The complaint alleges that Watson knew that probable cause did not exist and that she pursued King based on a personal grudge. Next, Darden's investigation provided no evidence of wrongdoing and Allen even admitted that he had no facts to support his original claim about King's residence. Such scant information would not lead a reasonable officer to believe that he had probable cause to seek a warrant for election fraud. Taking these allegations as true, King adequately pleads the second element of a § 1983 malicious prosecution claim against Darden and Watson.

The Court, therefore, denies Watson and Darden's motion to dismiss the § 1983 malicious prosecution claim.

### D. Count III: State Law Malicious Prosecution

In an action for malicious prosecution under Virginia law, a "plaintiff must prove four elements: that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Lewis v. Kei*, 281 Va. 715, 722, 708 S.E.2d 884, 889 (2011). The defendants do not

challenge the fourth element in their motions to dismiss. King states a plausible claim against Watson and Darden, but not Allen.

### 1. *Malice*

In malicious prosecution actions, "malice is defined as any controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 255 Va. 330, 332, 497 S.E.2d 471, 473 (1998). A court may infer legal malice from a lack of probable cause. *Lee v. Southland Corp.*, 219 Va. 23, 27, 244 S.E.2d 756, 759 (1978). King plausibly alleges that Watson had a grudge against King. Although the evidence is slim, one can infer from Darden's minimal investigation that Darden joined Watson to cook up false charges. King therefore pleads malice at this stage.

As to Allen, a review of the complaint leads to a different result. The complaint says Allen is Watson's cousin. The taint of kinship, however, does not amount to malice, and the Court grants his motion to dismiss Count III, and the Court grants his motion to dismiss Count III.

### 2. *Instituting the Prosecution with the Cooperation of the Defendant*

In order to evaluate the second element of malicious prosecution, the Court must decide:

> whether a defendant affirmatively, actively, and voluntarily took steps to instigate or to participate in the arrest of the defendant, and whether the defendant exercised some level of control over the decision to have the plaintiff arrested. A defendant instigates or cooperates in the proceedings by either taking the original steps to initiate the proceeding . . . or by subsequently adopting and ratifying the steps that others have already taken to initiate proceedings.

*Bennett v. R & L Carriers Shared Servs., LLC*, 744 F. Supp. 2d 494, 512 (E.D. Va. 2010) *aff'd* 492 F. App'x 315 (4th Cir. 2012). Although the Virginia courts have not articulated one rule to make this determination, when a defendant reports an alleged crime to police and then the police

later question the defendant, "the critical question is whether the witness provided the police with his honest or good faith belief in the facts." *Id.* at 510–11 (citing *Brice v. Nkaru*, 220 F.3d 233 (4th Cir. 2000)). At the motion to dismiss phase, King plausibly alleges that Watson and Darden instituted his prosecution.

King says that Watson gave information to the VSP and asked them to investigate King. Asking the police to start an investigation that led to King's eventual arrest and eventual prosecution qualifies as "taking the original steps to initiate the proceeding." *Bennett*, 744 F. Supp. 2d at 512. The complaint also alleges that Watson turned over the information based on the past animosity between herself and King and that she knew the information to be false. *Id.* ("[I]f a defendant simply . . . gave information to the police . . . then that individual cannot be held liable for malicious prosecution so long as the information provided was with an honest or good faith belief of the facts.")

Darden formally instituted the prosecution of King by conducting an investigation and seeking a warrant for King's arrest. Although the complaint is pretty flimsy, one could infer that Darden knew about Watson's ill motives and joined in her attempt to damage King.

### 3. *Probable Cause*

A plaintiff in a malicious prosecution claim must allege that the prosecution lacked probable cause. *Lewis*, 281 Va. at 722. In this context, probable cause is "knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Id.* at 723. Probable cause must exist at the time of the plaintiff's seizure. *Id.* (citing *Commissary Concepts Mgmt. Corp. v. Mziguir*, 267 Va. 586, 590, 594 S.E.2d 915, 917 (2004)). While a warrant issued

10

by a magistrate is relevant, it does not by itself demonstrate probable cause. *Bennett*, 744 F. Supp. 2d at 520.

Watson and Darden lacked probable cause. Watson allegedly knew that King had lived in Virginia for the requisite time yet passed along the complaint out of spite. Darden's investigation revealed no facts to suggest that King had broken the law.

The Court therefore denies the motions by Watson and Darden to dismiss Count III.[3]

### E. Count IV: Business Conspiracy under Va. Code § 18.2-499 and -500

King's business conspiracy claim fails against all of the defendants. To prevail on a business conspiracy claim under Virginia Code § 18.2-499 and -500, a plaintiff must show "a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff." *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008) (internal citations omitted). Further, a statutory business claimant must allege harm against his business and not merely himself or his reputation. *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985). King does not mention what damages his business suffered or even what King's business might entail. Without a basic set of facts supporting the alleged conspiracy between the three defendants, King's statutory business conspiracy claim cannot survive.

### F. Defenses

Watson contends that she enjoys absolute prosecutorial immunity in her role as a Commonwealth's Attorney. For federal claims, absolute immunity bars suits against state

---

[3] As discussed above, the complaint does not allege malice as to Allen, so the malicious prosecution claim fails against him. If the Court had to consider the other elements of the tort as relevant to Allen, it would find that by bringing the issue to Watson's attention, Allen initiated the criminal proceeding. As to probable cause, the complaint does not say what Allen based his suspicions on, so it does not allege lack of probable cause.

11

prosecutors only when their actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). However, when prosecutors take on investigative or administrative roles, absolute immunity no longer protects their actions and instead only qualified immunity may offer protection. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Virginia law provides even broader prosecutorial immunity for state law claims. In Virginia, absolute immunity protects all of a prosecutor's actions in the charging process, including preparing an indictment, directing law enforcement to seek a warrant, and advising law enforcement on probable cause. *Andrews v. Ring*, 266 Va. 311, 321, 585 S.E.2d 780, 785 (2003). King merely alleges that Watson (1) turned over a complaint to the police and asked for the initial investigation into King; and (2) asked a judge to appoint a special prosecutor for the case.

On this scant record, the Court cannot determine whether Watson merits immunity. Absolute immunity is an affirmative defense. *Jean v. Collins*, 155 F.3d 701, 713 (4th Cir. 1998). The defendant has the burden of proof on affirmative defenses. *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 392 (4th Cir. 2010). On a more complete record, Watson may prevail, but the Court cannot make that decision at this time.

Watson also says that, to the extent King named Watson as a defendant in her official capacity, the Eleventh Amendment bars King's claims. King, however, does not clearly name Watson as a defendant in her individual or official capacity. When a plaintiff does not specifically allege in what capacity they bring a suit against the defendant, the Court must examine the complaint and the course of the proceedings to decide. *Biggs v. Meadows*, 66 F.3d 56, 60–61 (4th Cir. 1995). Here, King does not allege that Watson acted in her official capacity as a Commonwealth's Attorney during any part of the alleged acts, and the Court therefore

interprets the complaint as one against Watson only in her individual capacity. Eleventh Amendment immunity does not, therefore, shield Watson from King's claims.

### III. CONCLUSION

As to the § 1983 claims in Count I, the Court grants Allen's motion to dismiss. The Court grants Darden and Watson's motions to dismiss as to the false arrest claim but grants leave to amend to show that the arrest did not occur pursuant to a facially valid warrant. The Court denies Darden and Watson's motions to dismiss the malicious prosecution claim.

As to Count II, the Court grants Allen's motion to dismiss the state law false imprisonment claim. The Court grants Darden and Watson's motion to dismiss but grants leave to amend to show that the arrest did not occur pursuant to a facially valid warrant.

As to Count III, the Court grants Allen's motion to dismiss. The Court denies Watson and Darden's motions to dismiss Count III.

Finally, the Court grants the motions to dismiss the state law business conspiracy claim in Count IV.

Unless the plaintiff successfully amends his complaint, the case will move forward only against Watson and Darden on Count I for malicious prosecution and on Count III for malicious prosecution.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: August 1, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge